THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-81058-CIV-MIDDLEBROOKS

CHANEL, INC., a New York corporation,

    Plaintiff,

vs.

L&S FINE STERLING, INC., et al.,

    Defendants.
_____/

**STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, this action having been commenced by the Plaintiff, Chanel, Inc. ("Chanel") against L&S Fine Sterling, Inc., a Florida corporation (" L&S"), alleging *inter alia*, trademark counterfeiting, trademark infringement, and false designation, and the Plaintiff and the Defendant having resolved the Plaintiff's claims to each of their satisfaction;

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction of the subject matter of all counts of this action and over the named parties hereto.

2. Chanel is the owner of the following trademarks (the "Chanel Marks") in connection with jewelry, namely necklaces and earrings, and other goods:

| Mark | Reg. No. | Date of Registration |
|---|---|---|
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |

which are registered in International Class 14 and are used in connection with manufacture and distribution of, among other things, jewelry, namely necklaces and earrings.

3. The Defendant and its respective officers, agents, servants, employees, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

    A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Chanel Marks;

    B. using the Chanel Marks in connection with the sale of any unauthorized goods;

    C. using any logo and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D. falsely representing itself as being connected with the Plaintiff, through sponsorship or association;

    E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant, are in any way endorsed by, approved by and/or associated with the Plaintiff;

    F. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without imitation, jewelry, namely necklaces and earrings;

    G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including, words or other symbols tending to falsely describe or represent the Defendant's goods as being those of the Plaintiff,

or in any way endorsed by the Plaintiff;

H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set for in subparagraphs (A) through (I).

4. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

5. This cause between the Plaintiff and the Defendant is hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.

6. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties of their Settlement Agreement.

7. Any products bearing the Chanel Marks at issue in this proceeding currently in the possession of L&S Fine Sterling, Inc. will be turned over to Chanel's counsel for destruction at Chanel's instruction.

8. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction and the Settlement Agreement between the parties.

SO STIPULATED:

Dated this 10th day of July, 2008.

**Plaintiff:** **Chanel, Inc.**

> **STEPHEN M. GAFFIGAN, P.A.**
> 312 S.E. 17th Street, Second Floor
> Ft. Lauderdale, Florida 33316
> Telephone: (954) 767-4819
> Facsimile: (954) 767-4821
> Email: Stephen@smgpa.net
>
> By: _____/smgaffigan/_____
> Stephen M. Gaffigan
> Fla. Bar No. 025844

**Defendant:** **L&S Fine Sterling, Inc.**

> **DAVID BECKERMAN, P.A.**
> 7000 W. Palmetto Park Road, #500
> Boca Raton, Florida 33433
> Telephone: (561) 391-6000
> Facsimile: (561) 391-6044
> Email: DBecker86@aol.com
>
> By: _____/dbeckerman/_____
> David Beckerman
> Fla. Bar No. 324477

SO ORDERED this 14 day of July, 2008.

_____
DONALD M. MIDDLEBROOKS
United States District Judge

Copies furnished to:
All parties of record